UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60023-CR-DIMITROULEAS

18 U.S.C. § 1349
18 U.S.C. § 1341
18 U.S.C. § 1343

UNITED STATES OF AMERICA

v.

DELROY DRUMMOND,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At various times relevant to this Indictment:

    1.    The Defendant received money from individuals located throughout the United States of America.

    2.    The Defendant sent and caused money to be sent to the country of Jamaica.

    3.    The FedEx Corporation (hereinafter "Federal Express") was a private or commercial interstate carrier and courier service that operated within the United States and internationally.

    4.    The United Parcel Service, Inc. was a private or commercial interstate carrier and courier service that operated within the United States and internationally.

5. The Western Union Company (hereinafter "Western Union") offered consumer-to-consumer money transfer services. Consumers in the United States could send funds at agent locations, by phone, or online. Receivers could pick up available funds at an agent location. Western Union had agent locations across the United States, in Jamaica, and elsewhere.

6. MoneyGram International Inc. (hereinafter "MoneyGram") offered consumer-to-consumer money transfer services. Consumers in the United States could send funds at agent locations. Receivers could pick up available funds at agent locations. MoneyGram had agent locations across the United States, in Jamaica, and elsewhere.

## COUNT 1
## Conspiracy
## (18 U.S.C. § 1349)

7. Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

8. From in or about September 2013, through in or about January 2016, in Broward County and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**DELROY DRUMMOND,**

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate and agree with others, known and unknown to the Grand Jury to commit certain offenses against the United States, that is:

(a) to knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud and for obtaining money and

2

property by means of materially false and fraudulent pretenses, representations and promises, place and cause to be placed in a post office and authorized depository for mail matter, matter to be sent and delivered by the United States Postal Service and by private and commercial interstate carrier, and to take and receive matter delivered by the United States Postal Service and by private or interstate commercial carrier, in violation of Title 18, United States Code, Section 1341; and

(b) to knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, to knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

9. It was the purpose of the conspiracy for defendant **DELROY DRUMMOND** and his co-conspirators to unlawfully enrich themselves by falsely informing elderly and other victims that the victims had won a large amount of money in a lottery and sweepstakes, inducing the victims to pay money in advance of receiving their purported lottery winnings, and keeping the victims' money without paying any lottery and sweepstakes winnings.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which defendant **DELROY DRUMMOND** and his co-conspirators sought to accomplish the purpose of the conspiracy included, among other things, the following:

10. Defendant **DELROY DRUMMOND**'s co-conspirators telephonically contacted, and caused to be contacted victims in the United States who were falsely informed that they had won millions of dollars in a lottery or sweepstakes. The co-conspirators persuaded and caused the victims to be persuaded that they needed to pay bogus fees or taxes of several hundred to thousands of dollars in order to collect their purported lottery winnings.

11. Defendant **DELROY DRUMMOND**'s co-conspirators telephonically contacted and caused to be contacted the victims who were instructed on how, and to whom, to send the bogus fees.

12. Defendant **DELROY DRUMMOND**, using his own name and other aliases would receive money from victims via United States Postal Service, Federal Express, United Parcel Service, Western Union and MoneyGram.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-14
### Mail Fraud
### (18 U.S.C. § 1341)

13. Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

14. From in or about September 2013 through in or about January 2016, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**DELROY DRUMMOND,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute such scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, place and cause to be placed in a post office and authorized depository for mail matter, matter to be sent and delivered by the United States Postal Service and by private and commercial interstate carrier, and did take and receive matter delivered by the United States Postal Service and by private or interstate commercial carrier.

## PURPOSE OF THE SCHEME AND ARTIFICE

15. It was the purpose of the scheme and artifice to defraud for defendant **DELROY DRUMMOND** and others to unlawfully enrich themselves by falsely informing elderly and other victims that the victims had won a large amount of money in a lottery and sweepstakes, inducing the victims to pay money in advance of receiving their purported lottery winnings, and keeping the victims' money without paying any lottery and sweepstakes winnings.

## THE SCHEME AND ARTIFICE

16. Paragraphs 10 through 12 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

5

## USE OF THE MAILS

17.     On or about the dates specified as to each count below, in Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant, **DELROY DRUMMOND**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, did place and caused to be placed in a post office or authorized depository for mail matter, matter to be sent and delivered by the United States Postal Service and by private and commercial carrier, and did take and receive matter and attempt to take and receive matter delivered by the United States Postal Service and by private or interstate commercial carrier:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 2 | April 14, 2015 | A Federal Express mail package, tracking number 780501071400 from victim L.M. in ~~Chula Vista,~~ Huntington Beach, California to **"BELROY"** [sic] **DRUMMOND** in Miami Gardens, Florida |
| 3 | April 22, 2015 | A United States Postal Service Express Mail Package, tracking number EK770208766US from victim B.S. in Chula Vista, California to **DELROY DRUMMOND** in Miami Gardens, Florida |
| 4 | April 23, 2015 | A United States Postal Service Express Mail Package, tracking number EK810549575US from victim B.S. in Chula Vista, California to **DELROY DRUMMOND** in Miami Gardens, Florida |
| 5 | April 28, 2015 | A Federal Express mail package, tracking number 807530347320 from victim L.M. in Huntington Beach, California to **DELROY DRUMMOND** in Miami Gardens, Florida |
| 6 | May 5, 2015 | A United States Postal Service Express Mail Package, tracking number EK810548399US from victim B.S. in Chula Vista, California to **DELROY DRUMMOND** in Hollywood, Florida |

| COUNT | APPROXIMATE DATE | DESCRIPTION OF MAILING |
|---|---|---|
| 7 | June 2, 2015 | A Federal Express Package, tracking number 807956202160 from victim L.M. in Huntington Beach, California to **DELROY DRUMMOND** in Hollywood, Florida |
| 8 | June 17, 2015 | A Federal Express mail package, tracking number 807956203476 from victim L.M. in Huntington Beach, California to **DELROY DRUMMOND** in Hollywood, Florida |
| 9 | July 2, 2015 | A United States Postal Service Express Mail Package, tracking number EG699263182US from victim B.S. in Chula Vista, California to **DELROY DRUMMOND** in Hollywood, Florida |
| 10 | July 24, 2015 | A United States Postal Service Express Mail Package, tracking number EK903462372US from victim G.H. in Federal Way, Washington to **DELROY DRUMMOND** in Hollywood, Florida |
| 11 | July 28, 2015 | A United States Postal Service Express Mail Package, tracking number EG699263236US from victim B.S. in Chula Vista, California to **DELROY DRUMMOND** in Hollywood, Florida |
| 12 | August 14, 2015 | A United States Postal Service Express Mail Package, tracking number EK903461607US from victim G.H. in Federal Way, Washington to **DELROY DRUMMOND** in Hollywood, Florida |
| 13 | August 29, 2015 | A Federal Express mail package, tracking number 806509750093 from victim L.M. in Huntington Beach, California to **DELROY DRUMMOND** in Hollywood, Florida |
| 14 | September 9, 2015 | A United States Postal Service Express Mail Package, tracking number EK578269893US from victim P.H. in Archbald, Pennsylvania to **DELROY DRUMMOND** in Hollywood, Florida |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 15-18
## Wire Fraud
## (18 U.S.C. § 1343)

18. Paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

19. From in or about September 2013 though in or about January 2016 in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**DELROY DRUMMOND,**

did knowingly and with intent to defraud, devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

20. It was the purpose of the scheme and artifice to defraud for defendant **DELROY DRUMMOND** and others to unlawfully enrich themselves by falsely informing elderly and other victims that the victims had won a large amount of money in a lottery and sweepstakes, inducing the victims to pay money in advance of receiving their purported lottery winnings, and keeping the victims' money without paying any lottery and sweepstakes winnings.

## THE SCHEME AND ARTIFICE

21. Paragraphs 10 through 12 of the Manner and Means section of Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## USE OF THE WIRES

22. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant, **DELROY DRUMMOND**, for the purpose of executing the aforesaid scheme and artifice did knowingly cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more particularly described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 15 | April 15, 2015 | MoneyGram wire transfer of $900 from B.S. in Chula Vista, California to **DELROY DRUMMOND** in Miami Gardens, Florida |
| 16 | April 17, 2015 | MoneyGram wire transfer of $900 from B.S. in Chula Vista, California to **DELROY DRUMMOND** in Miami Gardens, Florida |
| 17 | April 23, 2015 | MoneyGram wire transfer of $1,503 from L.M. in Huntington Beach, California to "**ROMEO OUTAR**" in Miami Gardens, Florida |
| 18 | May 2, 2015 | MoneyGram wire transfer of $299 from B.H. in Dandridge, Tennessee to "**KIRK BROWN**" in Miami Gardens, Florida |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts 1 through 18 are of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1349, 1341, or 1343 as set forth in Count 1, Counts 2 through 14, or Counts 15 through 18, of this Indictment, the defendant, **DELROY DRUMMOND**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes but is not limited to, the following:

   a. $1,876.00 in United States currency seized from defendant **DELROY DRUMMOND**.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c). All pursuant to 18 U.S.C. Section 981(a)(1)(C) and 28 United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
RANDALL D. KATZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

vs.

DELROY DRUMMOND,                  ## CERTIFICATE OF TRIAL ATTORNEY*
               Defendant.
_____/  **Superseding Case Information:**

**Court Division**: (Select One)     New Defendant(s)         _____
                                     Number of New Defendants _____
   Miami _____ Key West _____     Total number of counts   _____
   FTL    _X_   WPB _____ FTP _____

   I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   No
   List language and/or dialect

4. This case will take __7__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I    0 to 5 days       _____                  Petty     _____
   II   6 to 10 days      __X__                  Minor     _____
   III  11 to 20 days     _____                  Misdem.   _____
   IV   21 to 60 days     _____                  Felony    __X__
   V    61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   __Yes__
   If yes: Magistrate Case No.                  15-6533-VALLE
   Related Miscellaneous numbers:               _____
   Defendant(s) in federal custody as of        January 22, 2016
   Defendant(s) in state custody as of          _____
   Rule 20 from the                             _____

                       District of _____

   Is this a potential death penalty case? (Yes or No)  _____Yes   __X__ No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? _____ Yes   No __X__

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? _____ Yes   No __X__

                                          _____
                                          RANDALL D. KATZ
                                          ASSISTANT UNITED STATES ATTORNEY
                                          Florida Bar No. 0112036

*Penalty Sheet(s) attached                                                  REV.9/11/07

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** <u>DELROY DRUMMOND</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Commit Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

\* **Max. Penalty:** 20 (twenty) years' imprisonment; five (5) years' supervised release; $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process

Counts #: 2-14

<u>Mail Fraud</u>

<u>Title 18, United States Code, Section 1341</u>

\* **Max. Penalty:** 20 (twenty) years' imprisonment; five (5) years' supervised release; $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process

Counts #: 15-18

<u>Wire Fraud</u>

<u>Title 18, United States Code, Section 1343</u>

\* **Max. Penalty:** 20 (twenty) years' imprisonment; five (5) years' supervised release; $250,000 fine or not more than the greater of twice the gross gain or twice the gross loss, unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.